**UNITED STATES of America, Plaintiff-Appellant,**

v.

**HOLLYWOOD MARINE, INC., et al., Defendants-Appellees.**

No. 80–1647.

United States Court of Appeals, Fifth Circuit.

Unit A

Aug. 25, 1980.

Rehearing Denied Oct. 15, 1980.

Allen van Emmerik, Thomas W. Snook, Civil Div., Torts Branch, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Brown, Sims & Ayre, Ronald L. White, Houston, Tex., for Hollywood Marine, Inc. & Water Quality Ins. Syndicate.

Before BROWN, POLITZ, and TATE, Circuit Judges.

PER CURIAM.

The appellant, the United States, seeks summary reversal of the lower court judgment disallowing any recovery for the costs of the clean-up of an oil spill from the appellee, Hollywood Marine. The United States bases its motion on a recent opinion by this court, *United States v. LeBeouf Bros. Towing Co.*, 621 F.2d 787 (5th Cir. 1980), which reversed a district court decision relied upon by the court below in the instant case. *LeBeouf,* which is factually similar to the case under consideration, involved the interpretation of a section of the Federal Water Pollution Control Act Amendments of 1972, 33 U.S.C. § 1321(f)(1). The Fifth Circuit found that, under that section, a tug will not be considered a "third party" in order to allow the owner of a discharging vessel to avoid liability for an oil spill occurring while the vessel is in the tow of the tug.

The reversal of the district court opinion in *LeBeouf,* relied upon below, makes appropriate our grant of an order for summary reversal and remand. Thus, the expense of filing the record and the briefs in a case that would necessarily be reversed by this court on a hearing on the merits is avoided.

Hollywood Marine, appellee, properly points out to this court that a rehearing will be applied for in the *LeBeouf* decision, as a consequence of which (or of Supreme Court review) the initial *LeBeouf* ruling may be changed. However, should rehearing be granted in this court in *LeBeouf,* Hollywood's position will be adequately protected

by its timely application for rehearing; for then ruling upon this application and issuance of mandate will be withheld until final action on *LeBeouf* in this court.

Accordingly, we GRANT the appellant's motion to reverse the judgment and to remand this case to the United States District Court for the Southern District of Texas for further proceedings in accordance with law.