No. 80–653. ALIOTO ET AL. *v.* WILLIAMS ET AL. C. A. 9th Cir. Certiorari denied.

JUSTICE REHNQUIST, with whom JUSTICE WHITE joins, dissenting.

This case presents the question whether attorney's fees may be awarded under 42 U. S. C. § 1988 to plaintiffs in a civil rights action who obtain a preliminary injunction against a city when the city is later denied the right to appeal the issuance of the injunction because of mootness. In my view, the award of attorney's fees in such a situation is not authorized by any statute, and I dissent from the denial of the petition for a writ of certiorari.

Respondents brought this action under 42 U. S. C. §§ 1981 and 1983 against officials of the city of San Francisco and its police department challenging certain police practices which took place in April 1974 during what became known as "Operation Zebra." Beginning in late 1973, a series of vicious random killings and attempted killings took place on the streets of San Francisco. These murders became known as the "Zebra" killings. Between December 1973 and April 1974, 12 persons were murdered and 6 others were wounded. The police department of San Francisco responded to this violence by initiating a special investigatorial procedure known as "Operation Zebra" to attempt to identify and capture the killers. Police directives and memoranda authorized officers to stop and frisk black males resembling two composite drawings and having described physical characteristics. Over 600 persons were stopped and "pat searched" in the course of the operation.

Respondents brought two separate actions seeking declaratory and injunctive relief on behalf of black males who were stopped or were subject to being stopped pursuant to Opera-

tion Zebra practices. The District Court preliminarily enjoined the police procedure and also concluded that respondents were entitled to attorney's fees. Petitioners appealed the entry of the preliminary injunction but before the appeal was heard the Zebra killers were apprehended, convicted, and sentenced. The police investigation of the Zebra killings having ceased, the Court of Appeals dismissed the appeal as moot and the judgment of the District Court was vacated. *Williams* v. *Alioto,* 549 F. 2d 136 (CA9 1977). Subsequently, the District Court entered an order awarding respondents a total of $45,000 in attorney's fees. The Court of Appeals affirmed that order, finding that "by obtaining the preliminary injunction [respondents] 'prevailed on the merits of at least some of their claims.' . . . The preliminary injunction prevented [petitioners] from continued enforcement of their original guidelines, which is precisely the relief [respondents] sought." 625 F. 2d 845, 847 (1980).

In my view, an award of attorney's fees under these circumstances is not authorized by 42 U. S. C. § 1988. That section provides in pertinent part:

> "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

To treat respondents as "prevailing parties" under § 1988 because they secured a preliminary injunction is to ignore the fact that petitioners exercised their right to appeal the entry of that order and the fact that the propriety of the injunction was being challenged on appeal at the time the case became moot and the appeal dismissed. No permanent injunction ever issued and there has been no settlement or consent decree.

The question raised here is of significance because liability for attorney's fees inflicts severe financial penalties. Expo-

sure of any party to such penalties when mootness deprives him of the appeal authorized by law which he had already initiated should result only from a clear authorization by Congress or settled precedent of this Court. Here the settled precedent is exactly contrary to what was done by the court below. Over three decades ago we explained in *United States* v. *Munsingwear, Inc.,* 340 U. S. 36 (1950), that the practice of this Court in dealing with a civil case which has become moot is to reverse or vacate the judgment below. That is exactly what the Court of Appeals did here. However, we also explained in *Munsingwear* that when the procedure of vacating the judgment is followed, "the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary." *Id.,* at 40. The Court of Appeals failed to follow this rule and petitioners have unquestionably been "prejudiced by a decision which in the statutory scheme was only preliminary."

The decision below has spawned harsh consequences which are contrary to the policy espoused in *Munsingwear, supra.* Accordingly, I would grant the petition for a writ of certiorari and reverse the judgment of the Court of Appeals.