No. 80–1160. HOLLYWOOD MARINE, INC., ET AL. *v.* UNITED STATES. C. A. 5th Cir. Motion of petitioner Hollywood Marine, Inc., for leave to submit the Rule 28.1 listing under seal denied. Certiorari denied. 

JUSTICE REHNQUIST, dissenting.

Petitioner Hollywood Marine is engaged in the business of transporting petroleum cargo by barge. Its barges are towed by tugboat operators who are in no way associated with petitioner except by reason of the contract between the two for services to be performed by the tugboat operator. Under such contract, the tugboat operator exercises complete control over the method and manner of performing the towing operations, including all decisions to be made as to questions of navigation.

On August 5, 1976, a barge owned by petitioner discharged over 2,000 gallons of oil into the Intracoastal Waterway in Texas. The spill occurred as a result of damage sustained by the barge while it was under the control of a tugboat operator. The spill was cleaned up by the Coast Guard at a total cost to the United States of $61,816.85. Pursuant to §§ 311 (f)(1), (n), of the Federal Water Pollution Control Act, as added, 86 Stat. 866 and 869, 33 U. S. C. §§ 1321 (f) (1), (n), the United States brought this suit to recover from petitioner the costs incurred during the cleanup. Under § 1321 (f)(1), the owner or operator of a discharging vessel is liable for the costs of cleaning up an oil spill except

> "where an owner or operator can prove that a discharge was caused solely by (A) an act of God, (B) an act of war, (C) negligence on the part of the United States Government, or (D) *an act or omission of a third party without regard to whether any such act or omission was or was not negligent,* or any combination of the foregoing clauses . . . ." (Emphasis added.)

Petitioner's defense to the Government's action was that

the oil spill was caused by an act or omission of its independent contractor, the tugboat operator, and that the tugboat operator was a "third party" under § 1321 (f)(1). The District Court sustained the defense, but the United States Court of Appeals for the Fifth Circuit reversed. 625 F. 2d 524 (1980). The Court of Appeals relied on its earlier decision in *United States* v. *LeBeouf Brothers Towing Co.*, 621 F. 2d 787, rehearing denied, 629 F. 2d 1350 (1980). In *LeBeouf,* the Court of Appeals concluded that the third-party defense contained in § 1321 (f)(1) must be narrowly interpreted. The statute's scheme for preventing and cleaning up oil spills would be undermined if barge owners could escape liability merely by hiring out their operations to tugs and independent contractors. The term "third party" was intended to refer to a complete outsider (*e. g.,* a colliding vessel or a vandal), not an independent contractor whom the vessel owner was responsible for hiring in the first place.

While no one can say that the decision of the Court of Appeals places a wholly unreasonable interpretation on the language contained in § 1321 (f)(1), that court itself stated that the term "third party" must be narrowly interpreted. The court's interpretation, however, is not supported by the plain language of the statute, which in its express terms provides a defense whenever the discharge is the result of an act of a "third party." The statute is entirely silent as to what judicial refinements, if any, were intended to be placed on the term "third party."

Because the Federal Water Pollution Control Act is legislation of vital importance, and the furnishing of oil for the country's economy is likewise of vital importance, the question presented will continue to arise. The Court of Appeals' interpretation is at odds with the decision reached by the District Court in *Tug Ocean Prince, Inc.* v. *United States,* 436 F. Supp. 907 (SDNY 1977), aff'd in part and rev'd in part on other grounds, 584 F. 2d 1151 (CA2 1978), cert. denied,

440 U. S. 959 (1979), where on almost identical facts the Government's claim against a barge owner was dismissed because the owner was found not to be responsible for the oil spill.

There is no question that either the barge owner or the tug operator is liable for reimbursement to the Government for expenses incurred by the Coast Guard in cleaning up the oil spill. The Court of Appeals has decided that it should be the barge owner, while the District Court for the Southern District of New York has implicitly decided that it should be the tugboat operator. It seems to me that the Court of Appeals has supplied a good deal of gloss to the statutory language in reaching the result it has; perhaps it is justified in so doing, but certainly it has greatly narrowed the enacted language of Congress on the subject. Since it clearly was not the policy of the Federal Water Pollution Control Act to prohibit the movement of oil in barges, but simply to fix responsibility as to which segment of the oil transportation industry should be responsible for reimbursement to the Government for the cost of cleaning up spills, I do not think this is the type of case in which the Court should await a conflict between two Courts of Appeals to resolve the question in point. Though it cannot be said with certainty on the basis of this record, it seems highly probable that contracts such as this, as well as the insurance coverage of the various parties, depend on the way this "third party" exception is construed. Insurance policies and contracts, unlike actual collisions, are frequently matters which are entered into consensually for a period of months or years in reliance upon one or another construction of applicable law. This factor is sufficiently important, when combined with the recognized importance of the enterprise being conducted and the evil at which the legislation is aimed, to justify the Court granting certiorari and giving the issue plenary consideration at this time.