In the Matter of a WARRANT AUTHORIZING the INTERCEPTION OF ORAL COMMUNICATIONS WITHIN the PREMISES KNOWN AS 165 ATWELLS AVENUE, PROVIDENCE, RHODE ISLAND.

No. 81–1667.

United States Court of Appeals,
First Circuit.

Argued Jan. 8, 1982.
Decided Feb. 26, 1982.

Edwin J. Gale, Sp. Atty., U. S. Dept. of Justice, Providence, R. I., with whom Robert T. Kennedy, U. S. Atty., Concord, N. H., and Jeremiah T. O'Sullivan, Sp. Atty., U. S. Dept. of Justice, Boston, Mass., were on brief, for appellant.

William M. Kunstler, New York City, with whom Martin K. Leppo, Boston, Mass., Vincent J. Oddo, Providence, R. I., Mark B. Gombiner, New York City, Robert A. Stein, and Shaheen, Cappiello & Stein, Concord, N. H., were on brief, for appellees.

Before COFFIN, Chief Judge, TIMBERS, Senior Circuit Judge,* BREYER, Circuit Judge.

PER CURIAM.

This case requires us to clarify the scope of a district court's authority under 18 U.S.C. § 2518.

* Of the Second Circuit, sitting by designation.

On July 11, 1980, the federal district court for the district of Rhode Island granted an application under 18 U.S.C. § 2518(1) to intercept conversations in an attorney's office. In accord with the provisions of 18 U.S.C. § 2518(8)(d), the parties to intercepted conversations were notified in June, 1981, that the "bugging" had taken place. Three of those parties moved that they be given the opportunity to inspect the initial warrant application, subsequent applications for extensions, and "all records, documents, logs, transcripts, tapes, memoranda or other memorializations of the interception of any oral communications pursuant to said order of July 11, 1980, or any extensions thereof." They moved further for an order directing that the material not be disclosed "to any private person, organization or corporation whatsoever."

The two motions were transferred to the federal district court for the district of New Hampshire, which entered an order after receiving argument from the moving parties and the government. The order, dated August 12, 1981, did not rule on the movants' request to inspect documents. It denied the movants' request for an order that the information not be disclosed to the media. It did, however, fashion its own remedy on the basis of its conclusion that the electronic surveillance was illegal: it enjoined the government "from interfering with [movants'] right to consult with counsel in any manner whatsoever."

Our jurisdiction over the government's appeal from that order derives from 28 U.S.C. § 1292(a)(1), which allows interlocutory appeals from orders granting injunctions. *Cf. Williams v. Alioto*, 549 F.2d 136, 138 (9th Cir. 1977), *cert. denied*, 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981), (appeal lies from preliminary injunction against police stop-and-frisk program; appeal dismissed as moot in this case). The issue before us is whether the court below had authority to issue an injunction. A court derives its authority to issue injunctions from its inherent power to fashion

appropriate remedies in civil suits over which it has jurisdiction, *cf. Califano v. Yamasaki*, 442 U.S. 682, 705, 99 S.Ct. 2545, 2559, 61 L.Ed.2d 176 (1979). But since no complaint was ever filed in this case, the court did not have jurisdiction over any ordinary civil action. *See* Fed.R.Civ.Proc. 3. The statute controlling the proceedings below is 18 U.S.C. § 2518(8)(d), which provides in relevant part:

> "The judge, upon the filing of a motion, may in his discretion make available to such person or his counsel for inspection such portions of the intercepted communications, applications and orders as the judge determines to be in the interest of justice."

This provision clearly authorizes the district court to order that documents be disclosed to an intercepted party. That authority exists independently of any discovery procedures that might exist incident to a civil action. But § 2518(8)(d) does *not* authorize the issuance of injunctions.

■ The appellees contend that such authority might be found under 18 U.S.C. § 2518(10)(a). That provision applies only to an "aggrieved person in any trial, hearing, or proceeding" and permits a court to (i) suppress the use of certain evidence at such a proceeding, and (ii) authorize such an aggrieved person to inspect the evidence. It says nothing about regulating government conduct outside the courtroom.

Since the court below lacked authority to issue an injunction of the sort it issued, its order of August 12, 1981, is vacated and the matter is remanded for further consideration of movants' motions.