**Sharon SUZUKI, et al.,
Plaintiffs-Appellants,**

v.

**George YUEN, et al.,
Defendants-Appellees.**

No. 81–4278.

United States Court of Appeals,
Ninth Circuit.

Submitted March 31, 1982.

Decided May 5, 1982.

Paul Alston, Shelby Anne Floyd, Paul, Johnson & Alston, Honolulu, Hawaii, on brief, for plaintiffs-appellants.

Herbert Hamada, Honolulu, Hawaii, on brief, for defendants-appellees.

Before WRIGHT, GOODWIN, and SCHROEDER, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This appeal is submitted without oral argument.

Our first consideration of an appeal in this case, *Suzuki v. Yuen*, 617 F.2d 173 (9th Cir. 1980), was brought by the state from a ruling that a Hawaii statute providing for psychiatric commitment was unconstitutional. This panel affirmed in part and reversed in part.

Appellants then moved the district court to grant attorneys' fees for work done during and after the appeal. On their request for $17,071.00, the district court, 507 F.Supp. 819, allowed $5,529.00.

Appellants argue that the district court abused its discretion in fixing that figure. The appellee argues that appellants should be barred from making their claim for fees in the district court because they failed to raise it on appeal and, alternatively, that even if the district court had jurisdiction, it did not abuse its discretion.

## I. *Proper Forum for Determining Appellate Attorneys' Fees*

Generally, the district court grants appellate attorneys' fees after hearing evidence as to the worth of the services. *Perkins v. Standard Oil Co.*, 399 U.S. 222, 223, 90 S.Ct. 1989, 1990, 26 L.Ed.2d 534 (1970). Our practice has been consistent with this rule, *see, e.g., Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981), and is supported by the other circuits. *Souza v. Southworth*, 564 F.2d 609 (1st Cir. 1977); *Universal Amusement Co., Inc. v. Vance*, 559 F.2d 1286, 1300 (5th Cir. 1977), *aff'd*, 445 U.S. 308, 100 S.Ct. 1156, 63 L.Ed.2d 413 (1980); *Wilderness Society v. Morton*, 495 F.2d 1026, 1036 (D.C.Cir.1974), *rev'd on other grounds sub nom. Aleyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). *But cf. Finney v. Hutto*, 548 F.2d 740, 743 (8th Cir. 1977), *aff'd*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (attorneys' fees to be awarded by appellate court for work on appeal).

## II. *Propriety of Award*

Pursuant to § 1988, a prevailing plaintiff will be awarded attorneys' fees, "unless special circumstances would render an award unjust." S.Rep.No.1011, 94th Cong., 2d Sess. 4, *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5912 (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)). The plaintiff need not prevail on all issues. *Id.* at 5, [1976] U.S.Code Cong. & Ad.News at 5912. *Accord, Sethy v. Alameda County Water District*, 602 F.2d 894, 897–98 (9th Cir. 1979), *cert. denied*, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980).

An award of attorneys' fees is reviewed for abuse of discretion. *Dosier v. Miami Valley Broadcasting Corp.*, 656 F.2d 1295, 1301 (9th Cir. 1981); *Manhart v. City of Los Angeles*, 652 F.2d 904, 905, 907 (9th Cir. 1981); *Teitelbaum v. Sorenson*, 648 F.2d 1248, 1249 (9th Cir. 1981); *Buxton v. Patel*, 595 F.2d 1182 (9th Cir. 1979). We look more closely where appellate fees are in-

volved. *Perkins v. Standard Oil Co.*, 474 F.2d 549, 552 (9th Cir. 1973).

We have adopted the factors enumerated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and have held that failure to apply them is an abuse of discretion. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). *See also Manhart v. City of Los Angeles*, 652 F.2d at 905; *Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir. 1980), *cert. denied*, 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981); *Dennis v. Chang*, 611 F.2d 1302, 1308 (9th Cir. 1980).

In reviewing a district court award of appellate fees, we have recognized that an appeal is not a separate action, but a continuation of one. Thus, fees for appeal work are often less than those awarded at trial in the same case. *Perkins v. Standard Oil Co.*, 474 F.2d at 553.

### A. *Hourly Rate.*

The court reduced the requested hourly rate for lead counsel Alston from $100 to $75; for associate counsel Floyd and Park, from $65 and $55 to $50; and for law clerks, from $25 to $15. It based this reduction on these factors:

1. The $75 hourly rate for lead counsel had been found reasonable in the trial proceedings;

2. Associate counsel were recent bar admittees;

3. No special expertise was required;

4. The memoranda before the appellate court were assumed to be of quality consistent with those before the district court;

5. The brevity of the appellate decision indicated that the issues were not considered complex by the appellate court; and

6. The intervening Supreme Court decision of *Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979), had resolved the burden of proof issue.

Except for items 2 and 3, we find little relationship between these factors and a reasonable hourly rate.

Given inflation and the significant amount of time since trial, reliance on the rate then fixed was improper.

Though this case may not have required specialization in a technical area, we believe drafting and forensic skills are important in appellate work. Today, some attorneys limit their practice to appellate work. Though expertise in the general communicative skills expected of every lawyer may not insure the success of an appeal, it facilitates decisionmaking and is appreciated by a burdened court.

The district court did not have the appellate briefs before it until a motion for reconsideration. In its initial decision it merely "assumed" quality consistent with work at trial.

■ A court must review carefully the appellate briefs to evaluate the quality of an appellate presentation. An important aspect of this review is determining the extent of original work devoted to the appeal. A district court is in the better position to make this determination because it has learned earlier the extent of counsels' preparation from hearing argument and reviewing the papers on file.

■ A district court should not measure the length of an appellate opinion in evaluating the appellate court's perception of the complexity of a case. Short dispositions should be favored and may be more difficult to write. Notwithstanding the length of the opinion, our recollection is that this case presented novel and difficult constitutional questions.

Finally, intervening precedent has no application to the determination of a reasonable hourly rate except, perhaps, as it relates to determination of the complexity of the issues. It relates more directly to the determination of the amount of time required, but even then its relevance may depend upon the nature and breadth of the intervening decision.

We applied *Addington* to resolve the issue, but we left determination of the extent of its application to the state courts. Enough plausible grounds for distinction required that we order supplemental briefs.

■ Plaintiffs' affidavits showed their requested rate was consistent with that customarily charged by lawyers in the community. The defense did not object or provide evidence to the contrary. Though a court need not award the usual rate, its rejection of it should be based upon logical, articulated factors. *See Knighton v. Watkins,* 616 F.2d 795, 800 (5th Cir. 1980).

■ On this analysis, we conclude that reduction of the hourly rates was unreasonable and award fees at the rates requested.

### B. *Reasonable Number of Hours.*

■ While we survey a fee request in light of the record to exclude duplicative effort, *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d at 717, the legislative history of § 1988 is clear that calculation of fees for prevailing civil rights plaintiffs is to be the same as in traditional fee arrangements and that all reasonable time spent is to be compensated. S.Rep.No.1011, 94th Cong., 2d Sess. 6, *reprinted in* [1976] U.S. Code Cong. & Ad.News 5908, 5913. This vindicates the purpose of the statute to encourage and ensure private enforcement of civil rights laws. *Id.* at 2, [1976] U.S. Code Cong. & Ad.News at 5910.

We have scrutinized the record to determine what time may have been duplicative or unreasonable.

1. *Brief Preparation.* Appellants requested an award of fees for 181.8 hours spent on brief preparation by the two lawyers and their law clerks. The district court allowed 77.8 of those hours, 52 for the two lawyers and 25.8 for the law clerks.

We have reviewed the district court record and the briefs filed on the original appeal. Except for a few pages, the 67-page answering brief represented original effort. However, the issues were well rounded in the summary judgment papers and in the district court's published opinion. Preparation of the supplemental brief required study of only three Supreme Court opinions and drafting arguments for distinction.

Considering the effort before the district court and allowing time for additional research, discussion, drafting, and proofreading, 70 hours were reasonable for the two attorneys, with the 25.8 hours of assistance from law clerks, to produce these briefs and the brief on the trial fees issue.

2. *Other Matters.* Plaintiffs asked fees for 2.6 hours devoted to an abortive motion to dismiss. The court concluded that, because counsel decided not to file the motion, the time should not be counted. We believe that where effort is given to a matter that later appears for tactical reasons to be ill-advised, fees should be allowed as though the plaintiff was a regular fee-paying client. The amounts requested are awarded: $40 for Alston and $143 for Floyd.

The amount asked for preparation for and attendance at oral argument was reasonable, and we allow the amounts requested for incidental matters, *viz.,* communication with amicus and preparation of motions.

We reverse and order attorneys' fees to plaintiffs of $10,316.50.*

* The following table summarizes our award:

| 1. Brief Preparation | Hours | Rate | Amount |
|---|---|---|---|
| Alston | 35 | 100 | $ 3,500 |
| Floyd | 35 | 65 | 2,275 |
| Clerks | 25 | 25 | 625 |
| SUBTOTAL | 95 | | $ 6,400 |
| 2. Motion to Dismiss | | | |
| Alston | .4 | 100 | 40 |
| Floyd | 2.2 | 65 | 143 |
| SUBTOTAL | 2.6 | | $ 183 |

| 3. Oral Argument | Hours | Rate | Amount |
|---|---|---|---|
| Alston | 26.9 | 100 | $ 2,690 |
| Park | 2.5 | 55 | 137 50 |
| Floyd | 1.0 | 65 | 65 |
| Clerks | 3.5 | 25 | 87.50 |
| SUBTOTAL | 33.9 | | $ 2,980 |

| | Hours | Rate | Amount |
|---|---|---|---|
| 4. Miscellaneous | | | |
| Alston | 5 | 100 | $ 500 |
| Floyd | 3.9 | 65 | 253.50 |
| SUBTOTAL | 8.9 | | $ 753.50 |
| TOTAL | 140.4 | | $ 10,316.50 |