### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

v.

### L. Robert ORMSTON, Jr., in his capacity as Executor of the Estate of Leon Robert Ormston, Sr.

### Civ. A. No. 82–2940.

United States District Court, E.D. Pennsylvania.

Oct. 26, 1982.

---

Peter J. Hoffman, Philadelphia, Pa., for plaintiff.

Alan M. Feldman, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Plaintiff State Farm Mutual Automobile Insurance Company (State Farm) incorporated and having its principal place of business in Illinois, brought this action, based on diversity jurisdiction, against defendant L. Robert Ormston, Jr., a citizen of New York, in his capacity as the Executor of the Estate of Leon Robert Ormston, Sr. Plaintiff seeks declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201. Plaintiff contends that defendant is not entitled to recover uninsured motorist benefits from plaintiff as a result of an automobile accident in which defendant's decedent was fatally injured.

On October 11, 1981 defendant's decedent was involved in a fatal automobile accident with an automobile operated by Alan Hammond and owned by Enoch Harris. At the time of the accident, the Harris car was insured by a policy of motor vehicle liability insurance issued by the Nationwide Insurance Company (Nationwide). This policy provided limits of coverage for personal injury liability insurance in the amount of $25,000 for the claims of any one person arising out of any one accident. The decedent was insured by two policies of automobile insurance issued by State Farm. Both policies contained uninsured motorist coverage. The maximum uninsured motorist coverage limit for any one person in any one accident is alleged by plaintiff to be $15,000.

Following the accident, Nationwide offered, and defendant accepted, $25,000. By letters to plaintiff dated May 12, 1982, May 26, 1982 and June 9, 1982, defendant demanded arbitration to recover uninsured motorist benefits from State Farm. That demand prompted State Farm to bring this action contending that because decedent was not injured in an automobile accident involving an uninsured automobile, there is no entitlement to uninsured motorist benefits.

By letter dated July 22, 1982, defendant's attorney informed State Farm that defendant was withdrawing his claim for uninsured motorist benefits "without prejudice to [his] client's right to assert a claim for

uninsured motorist benefits at some later time." (Exhibit A, defendant's Answer).[1]

Defendant argues that this court lacks jurisdiction because of a lack of case or controversy, based on the withdrawal of his claim, and moves for dismissal. In the alternative, defendant argues that if this court determines jurisdiction exists, we should refuse to exercise our discretion in issuing a declaratory judgment or, in the alternative, abstain. Plaintiff contends that jurisdiction exists and moves for summary judgment. For the reasons that follow, this court finds a lack of jurisdiction and grants defendant's motion for dismissal.

■ A lawsuit no longer meeting the Article III requirement that there be an actual case or controversy between the parties is considered moot. A federal court is without the power to hear a moot case. *Liner v. Jafco, Inc.,* 375 U.S. 301, 306, n. 3, 84 S.Ct. 391, 394 n. 3, 11 L.Ed.2d 347 (1964). Mootness exists "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Williams v. Alioto,* 549 F.2d 136, 140 (9th Cir. 1974), *cert. denied,* 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1980), quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969). "The decision as to whether any particular lawsuit is moot can be made only after analysis of the precise factual situation of the parties involved." *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 128, 94 S.Ct. 1694, 1701, 40 L.Ed.2d 1 (1973) (Stewart dissenting).

The general principles of mootness contain an important exception. In *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911), the Supreme Court stated that its jurisdiction "ought not to be, as [it] might be, defeated, by short term orders, capable of

repetition yet evading review...." Plaintiff contends that this case may not become mooted "because the defendant unilaterally decides to terminate the conduct complained of." (Plaintiff's Motion for Summary Judgment, memorandum of law, p. 9). Plaintiff argues that the letter of defendant's attorney in which he reserves the right to assert his claim for uninsured motorist benefits at a later time demonstrates an expectation that the challenged activity will be repeated.[2] It is because of this expectation of repeated activity, plaintiff argues, that the mootness doctrine should not apply.

■ The plaintiff relies on a line of cases which are readily distinguished from the case before us. In all of the cases the defendant ceased activity which violated a statute. For example, in *Walling v. Helmerich and Payne,* 323 U.S. 37, 65 S.Ct. 11, 89 L.Ed. 29 (1944), the suit was brought by the Administrator of the Wage and Labor Division, U.S. Department of Labor. The Administrator challenged an activity he claimed violated the Fair Labor Standards Act. In *United States v. W.T. Grant Co.,* 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953), a violation of § 8 of the Clayton Act was alleged. And in *County of Los Angeles v. Davis,* 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), the challenged activity was a violation of the Civil Rights Act, 42 U.S.C. § 1982 wherein the defendant allegedly used hiring practices that discriminated racially.

In all of these cases, the defendant had ceased the activity under challenge and argued the case was moot. The Supreme Court analyzed the cases in terms of whether or not the "wrong" or the "allegedly illegal conduct" would be repeated. *See Grant,* 345 U.S. at 632, 73 S.Ct. at 897; *Walling,* 323 U.S. at 43, 65 S.Ct. at 14;

---

1. This case presents the same issue of mootness as another case pending before this court, *State Farm v. Boyd,* C.A. No. 82–2630.

2. Presently before the Supreme Court of Pennsylvania is the controlling question of law in this case. *White v. Concord Mutual Insurance*

*Co.,* 442 A.2d 713 (1982) (Petition for Allowance of Appeal granted May 6, 1982). It is apparent that a judgment favorable to the appellant in that case will encourage the defendant in the case before us to bring his arbitration action once again.

*County of Los Angeles,* 440 U.S. at 631, 99 S.Ct. at 1383. In contrast, in the case *sub judice,* the only activity under challenge is a voluntarily entered arbitration proceeding which was voluntarily terminated by the defendant. There is currently no case or controversy between the parties. The sole risk to the plaintiff is that the Pennsylvania Supreme Court will ultimately decide the controlling law contrary to the plaintiff's position in the present case and the defendant will then attempt to resume arbitration proceedings. Such an action by the defendant is certainly neither "wrong" nor "illegal conduct." It is therefore inappropriate for this court to apply the exception to the mootness doctrine.

Because this case is moot, no relief can be given under the Declaratory Judgments Act which requires a "case of actual controversy" between the parties. 28 U.S.C. § 2201 (1976). *Korvettes, Inc. v. Brous,* 617 F.2d 1021, 1023 (1980). Where no jurisdiction exists, a determination on the merits is not required. *Id.* at 1024. Therefore, plaintiff's complaint is dismissed for lack of jurisdiction.