PARAGOULD MUSIC COMPANY, INC. and Joe Lee Eblen d/b/a "Recreation on the Corner", Appellants,

v.

CITY OF PARAGOULD, ARKANSAS; Charles Partlow, Mayor of Paragould, Arkansas; The Paragould, Arkansas, Police Department and Jimmy Rogers, Appellees.

No. 84–1039.

United States Court of Appeals, Eighth Circuit.

Submitted May 29, 1984.

Decided July 18, 1984.

Robert F. Thompson, Branch & Thompson, P.A., Paragould, Ark., for appellees.

Matthew T. Horan, Fayetteville, Ark., for appellants.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

## PER CURIAM.

Paragould Music Co., Inc., and Joe Lee Eblen d/b/a "Recreation on the Corner" appeal from a final order entered in the District Court[1] for the Eastern District of Arkansas denying their motion for attorney's fees pursuant to 42 U.S.C. § 1988. Appellants allege that the district court erred in finding that they were not "prevailing parties" within the meaning of § 1988 and thus were not entitled to attorney's fees. For the reasons discussed below, we affirm.

Appellants owned and operated a video arcade in Paragould, Arkansas. In May 1983, the mayor of Paragould, James Partlow, hired Jimmy Rogers to patrol the area around appellants' business. Apparently the young patrons of the video arcade were disturbing the peace through excessive noise, cursing, fighting, drunkenness, and other acts that led nearby merchants and citizens to complain. On May 16, 1983, appellants brought suit under 42 U.S.C. § 1983 against the City of Paragould, Mayor Partlow, the police department, and Jimmy Rogers alleging that these appellees were harassing the customers of the video arcade and engaging in illegal arrests and detentions to drive the arcade out of business. Appellants sought declaratory and injunctive relief and requested the entry of a temporary restraining order (TRO).

On May 23, 1983, the district court partially granted the TRO and enjoined Jimmy Rogers from "arresting, attempting to arrest, detaining, harassing or intimidating patrons and potential patrons of [appellants'] business, 'Recreation on the Corner.'" On July 11, 1983, the parties voluntarily agreed to a thirty-day extension of the TRO. In the fall of 1983, the video arcade closed and appellees moved to dismiss the case as moot. Appellants agreed that the underlying issues were moot, but requested attorney's fees for their success in obtaining the TRO. The district court dismissed the complaint as moot on December 7, 1983, and ordered the parties to brief the question of attorney's fees. On December 15, 1983, the district court denied the motion for attorney's fees, finding that appellants were not "prevailing parties" in the action because the grant of a TRO was in no way a determination on the merits.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides that the district court may award a reasonable attorney's fee to the "prevailing party" in a § 1983 action. The sole issue on appeal is whether appellants were "prevailing parties" for purposes of § 1988. The Supreme Court has noted that "'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), *citing Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978). This court's formulation of the appropriate standard governing the award of fees in civil rights cases pursuant to § 1988 "emphasizes the need for a favorable determination of a significant issue raised by the party seeking to recover attorney's fees." *ACORN v. Wallis*, 717 F.2d 451, 453 (8th

---

**1.** The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

Cir.1983). *See Hanrahan v. Hampton,* 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (per curiam) (a party must prevail on the merits of at least some of his claims before attorney's fees may be awarded). In *Reel v. Arkansas Department of Correction,* 672 F.2d 693, 697 (8th Cir.1982) (emphasis added), we stated that "[w]here a plaintiff essentially succeeds in obtaining the sought-after relief in his claims *on the merits,* that plaintiff is a prevailing party."

In the case at bar, we do not believe appellants are entitled to attorney's fees as "prevailing parties" under § 1988. "The granting of a temporary restraining order in the situation presented here was in no way a determination on the merits and merely preserved the status quo when the [appellants] might [have] be[en] irreparably harmed if temporary relief were not granted." *Bly v. McLeod,* 605 F.2d 134, 137 (4th Cir.1979), *cert. denied,* 445 U.S. 928, 100 S.Ct. 1315, 63 L.Ed.2d 761 (1980). The present case differs from those cases cited by appellants where the grant of temporary or preliminary relief supported the award of attorney's fees. In those cases, the plaintiffs' suit was a catalyst to bring about the relief sought, *e.g., Premachandra v. Mitts,* 727 F.2d 717, 720–23 (8th Cir.1984), *reh'g en banc granted,* No. 82–2441 (Apr. 18, 1984) (order), or the district court made a ruling on the merits, *e.g., Bishop v. Committee on Professional Ethics & Conduct,* 686 F.2d 1278, 1290–91 (8th Cir.1982); *Williams v. Alioto,* 625 F.2d 845, 847–48 (9th Cir.1980) (per curiam) (preliminary injunction), *cert. denied,* 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981). Because the grant of the TRO in this case neither involved a determination of the merits of the underlying action nor acted as a catalyst to obtain concessions from appellees but merely preserved the status quo, the district court did not err in denying appellants' request for attorney's fees.

Accordingly, the judgment of the district court is affirmed.

