No. 87–734. KAY ET AL. *v.* DAVID DOUGLAS SCHOOL DISTRICT NO. 40 ET AL. Sup. Ct. Ore. Certiorari denied. ▮

JUSTICE WHITE, dissenting.

This case presents the difficult question whether a plaintiff can recover attorney's fees under 42 U. S. C. § 1988 when the underlying action has become moot because of compliance by the defendant with a court order. Here petitioners challenged respondents' plans to incorporate formal public prayer in the commencement exercises of a public high school. After numerous unsuccessful attempts to persuade respondents to drop the public prayer, petitioners brought suit in state court, challenging

respondents' plans as violative of the State and Federal Constitutions and seeking attorney's fees under state law and § 1988. The trial court made an oral ruling that the planned public prayer violated state and federal law, and consequently respondents dropped the public prayer from the commencement exercises. About a month after the commencement exercises, the trial court issued a written order reaffirming the earlier oral decision and awarding attorney's fees. The Oregon Court of Appeals affirmed the holding that the planned public prayer violated the State Constitution and affirmed the award of attorney's fees under § 1988. 79 Ore. App. 384, 719 P. 2d 875 (1986).

The Oregon Supreme Court reversed the Court of Appeals and remanded the case to the trial court to vacate the judgment. 303 Ore. 574, 738 P. 2d 1389 (1987). The court reasoned that there was no longer a justiciable controversy because petitioners had already graduated, public prayer was not included in their commencement exercises, and petitioners did not seek to enjoin future repetitions of this challenged conduct. The court held that under Oregon law, the oral order was not an effective preliminary injunction or final order until it was reduced to writing and by the time it was rendered in writing the controversy was no longer justiciable.

The Oregon Supreme Court's decision that a § 1988 fees award is not available in this case creates a conflict in the courts over the award of fees when the underlying action is rendered unreviewable after it has been filed. The courts are in agreement that a § 1988 fees award is proper where the defendant "voluntarily" complies under threat of the lawsuit, for such compliance, although mooting the lawsuit, shows acquiescence in the plaintiff's position. E. g., Martin v. Heckler, 773 F. 2d 1145, 1148–1149 (CA11 1985) (en banc); DeMier v. Gondles, 676 F. 2d 92 (CA4 1982); see Hewitt v. Helms, 482 U. S. 755, 761 (1987) ("[I]f the defendant, under pressure of the lawsuit, alters his conduct (or threatened conduct) towards the plaintiff that was the basis for the suit, the plaintiff will have prevailed"). The more difficult question presented by this case is whether a defendant's "involuntary" compliance with a seemingly valid court order supports an award of fees under § 1988, where such compliance, under fear of contempt, moots a lawsuit such as this one but does not demonstrate acquiescence in plaintiff's position. The decision here denying an award of fees under § 1988 conflicts with decisions from

three Circuits upholding § 1988 fees awards in the involuntary-compliance-plus-mootness context. *Grano* v. *Barry*, 251 U. S. App. D. C. 289, 294–295, 783 F. 2d 1104, 1109–1110 (1986); *Williams* v. *Alioto*, 625 F. 2d 845, 847–848 (CA9 1980) *(per curiam)*, cert. denied, 450 U. S. 1012 (1981); *Doe* v. *Marshall*, 622 F. 2d 118, 119–120 (CA5 1980), cert. denied, 451 U. S. 993 (1981).

The federal issue raised by this petition for certiorari is substantial and requires resolution by this Court. An award of fees under § 1988 to these petitioners may be appropriate, for petitioners were in one sense "prevailing parties": although the dispute was later held to be moot, the seemingly valid oral ruling by the trial court gave them all that they sought. On the other hand, there has never been a final determination, tested on appeal, that petitioners' position was legally sound. Arguably, respondents should not be forced to bear an award of fees where they have never been finally determined to have violated the Federal Constitution or laws and have steadfastly maintained the contrary position. And arguably, under *United States* v. *Munsingwear, Inc.*, 340 U. S. 36, 39–40 (1950), no party should be prejudiced by a decision which in the statutory scheme for judicial decisionmaking was only preliminary. The resolution of these competing concerns is plainly important to determining who is a "prevailing party" under § 1988. Because of the conflict in the courts over this question of federal law, I would grant certiorari.