**Scott DAHLEM, an underage male, by his mother and next friend Nancy DAHLEM, Plaintiff–Appellant,**

v.

**The BOARD OF EDUCATION OF DENVER PUBLIC SCHOOLS; and the Colorado High School Activities Association, Defendants–Appellees.**

No. 89–1116.

United States Court of Appeals, Tenth Circuit.

April 23, 1990.

David H. Miller, American Civ. Liberties Union Foundation of Colorado, Denver, Colo. for plaintiff-appellant.

Michael H. Jackson (Dwight L. Pringle, with him on the brief), Semple & Jackson,

P.C., Denver, Colo., for defendant-appellee, Bd. of Educ. of Denver Public Schools.

Alexander Halpern (Susan S. Schermerhorn, with him on the brief), Caplan and Earnest, Boulder, Colo., for defendant-appellee, Colorado High School Activities Ass'n.

Before ANDERSON and EBEL, Circuit Judges, and CHRISTENSEN,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

"In any action or proceeding" brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. "[T]he prevailing party 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 942 n. 1, 103 L.Ed.2d 67 (1989) (quoting *Newman v. Piggie Park Enterps.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)). The issue in this appeal is under what circumstances a plaintiff who obtains preliminary relief, but whose suit is dismissed as moot while the order is on appeal, is entitled to an award of attorney's fees.

## BACKGROUND

Plaintiff-appellant Scott Dahlem, then a senior at George Washington High School in Denver, Colorado, wished to participate in interscholastic gymnastics, but the school only had a girls' gymnastics team and the Colorado High School Activities Association ("CHSAA") prohibited boys from joining girls' teams. Dahlem filed suit against defendants-appellants CHSAA and the Board of Education of Denver Public Schools ("the Board") under 42 U.S.C. § 1983, claiming that barring him from his chosen sport because of his gender violated the Fourteenth Amendment. The district

court consolidated the case with *Rowley v. Members of the Board of Education*, a similar suit in which a freshman at another school sought to play on his school's girls' volleyball team.[1] The court held a hearing and, relying upon the same reasoning and analysis in both cases, granted each plaintiff a preliminary injunction. R. Vol. III at 4–7, 15–20; R. Vol. II at Tabs 6, 22.

Both orders were appealed. While the appeals were pending, the gymnastics season ended. Because Dahlem was a senior, this rendered his claim moot. Accordingly, his appeal was dismissed, and the district court was directed to vacate the injunction and dismiss the case. *See* Mandate, R. Vol. I at Tab 13. He then filed a motion in the district court for attorney's fees under 42 U.S.C. § 1988. Meanwhile, the *Rowley* appeal proceeded to a decision on the merits. This court held that the district court had applied an incorrect legal standard, and reversed the district court's order. *See Rowley v. Members of the Bd. of Educ.*, 863 F.2d 39, 40–41 (10th Cir.1988). After the opinion was released, but before the mandate issued, Rowley decided that he did not want to play volleyball. This mooted his action as well, so we vacated the judgment and withdrew our opinion. *See id.* at 41.

Following the conclusion of the *Rowley* case, the district court denied Dahlem's motion for attorney's fees. The court held that Dahlem was a prevailing party, but that it would be unjust to award Dahlem attorney's fees when *Rowley* showed that, had the case not been dismissed as moot, the relief Dahlem received would have been reversed. Order Denying Plaintiff's Motion for Attorneys Fees, R. Vol. I, Tab 15 at 3–5. This appeal followed.

## DISCUSSION

 As a threshold matter, the Board contends that this court's instruction to the district court to dismiss Dahlem's action as moot stripped that court of jurisdiction to grant attorney's fees. We disagree.

---

* Honorable A. Sherman Christensen, Senior Judge, U.S. District Court for the District of Utah, sitting by designation.

1. Both Dahlem and Rowley were represented by the American Civil Liberties Union.

While a claim of entitlement to attorney's fees does not preserve a moot cause of action, *Lewis v. Continental Bank Corp.,* — U.S. —, —, 110 S.Ct. 1249, 1254–55, 108 L.Ed.2d 400 (1990) (citing *Diamond v. Charles,* 476 U.S. 54, 70–71, 106 S.Ct. 1697, 1707–08, 90 L.Ed.2d 48 (1986)), the expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred. *Nash v. Chandler,* 859 F.2d 1210, 1211 (5th Cir. 1988); *Grano v. Barry,* 733 F.2d 164, 168 n. 2 (D.C.Cir.1984); *United States v. Ford,* 650 F.2d 1141, 1144 (9th Cir.1981), *cert. denied,* 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir.1974), *cert. denied,* 422 U.S. 1048, 95 S.Ct. 2666, 45 L.Ed.2d 700 (1975); Comment, *Civil Rights Attorney's Fees Awards in Moot Cases,* 48 U.Chi.L.Rev. 819, 824 (1982); *see also Operating Eng'rs Local Union No. 3 v. Bohn,* 737 F.2d 860, 863 (10th Cir.1984).

## I. PREVAILING PARTY

"[N]o fee award is permissible until the plaintiff has crossed the 'statutory threshold' of prevailing party status." *Texas State Teachers Ass'n v. Garland Indep. School Dist.,* — U.S. —, 109 S.Ct. 1486, 1491, 103 L.Ed.2d 866 (1989) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). We must first decide, therefore, "a question of some difficulty": whether a plaintiff who obtains a preliminary injunction which is "mooted after being rendered but before the losing party could challenge its validity on appeal" is a prevailing party in the district court. *Lewis v. Continental Bank Corp.,* — U.S. at —, 110 S.Ct. at 1256.

The parties are at odds over whether Dahlem's preliminary injunction satisfied the two-part test first enunciated in *Nadeau v. Helgemoe,* 581 F.2d 275 (1st Cir.1978), for determining whether a plaintiff who obtains relief without a final judgment on the merits is a prevailing party.[2] One of the requirements for a preliminary injunction is a " 'substantial likelihood that the movant will eventually prevail *on the merits.*' " *United States ex rel. Potawatomi Indian Tribe v. Enterprise Management Consultants, Inc.,* 883 F.2d 886, 889 (10th Cir.1989) (quoting *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir.1980)) (emphasis added). For the purpose of deciding whether a plaintiff is a prevailing party, a preliminary injunction is considered a decision on the merits so long as it "represent[s] an unambiguous indication of probable success on the merits, and not merely a maintenance of the status quo...." *Webster v. Sowders,* 846 F.2d 1032, 1036 (6th Cir.1988); *see also, e.g., Taylor v. City of Fort Lauderdale,* 810 F.2d 1551, 1558 (11th Cir.), *reh'g en banc denied,* 816 F.2d 688 (11th Cir.1987); *Chu Drua Cha v. Levine,* 701 F.2d 750, 751 (8th Cir.1983). This is such a case. *See* R. Vol. III at 7 ("the Court finds that ... there is a substantial likelihood that the plaintiffs will prevail at the ultimate hearing"). Because the *Nadeau* test only applies to a plaintiff "who does not receive a judgment on the merits," *J & J Anderson, Inc. v. Town of Erie,* 767 F.2d 1469, 1473 (10th Cir.1985); *Operating Eng'rs Local Union No. 3 v. Bohn,* 737 F.2d at 863; *accord Luethje v. Peavine School Dist.,* 872 F.2d 352, 354 (10th Cir. 1989), Dahlem's prayer for attorney's fees will not be judged by the *Nadeau* test.[3]

---

**2.** First, the "attorney's efforts [must have been] a necessary and important factor in achieving the improvements." Second, "defendants' conduct [must have been] required by law." *Nadeau v. Helgemoe,* 581 F.2d at 281. This test has been adopted in the Tenth Circuit. *See, e.g., O'Connor v. City & County of Denver,* 894 F.2d 1210, 1226 (10th Cir.1990); *Foremaster v. City of St. George,* 882 F.2d 1485, 1488 (10th Cir.1989).

**3.** Another reason why the *Nadeau* test is inapplicable to the present case is that a distinction should be drawn between a case where "the defendant 'voluntarily' complies under the threat of the lawsuit, for such compliance, although mooting the lawsuit, shows acquiescence in the plaintiff's position," and one where "a defendant's 'involuntary' compliance with a seemingly valid court order ..., under fear of contempt, moots a lawsuit such as this one but does not demonstrate acquiescence in plaintiff's position." *Kay v. David Douglas School Dist. No. 40,* 484 U.S. 1032, 108 S.Ct. 740, 740, 98 L.Ed.2d 775 (1988) (White, J., dissenting from denial of certiorari). All of the cases cited above (and many others applying the *Nadeau*

■ Our inquiry is more straightforward. The Supreme Court has on several occasions discussed what is required to be a prevailing party.

" '[R]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.' Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988 the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 109 S.Ct. at 1493 (quoting *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675–76, 96 L.Ed.2d 654 (1987)). Such "relief on the merits" may fall short of "a formal judgment," *Hewitt v. Helms*, 482 U.S. 755, 760–61, 107 S.Ct. 2672, 2675–76, 96 L.Ed.2d 654 (1987), so long as it works a "material alteration," *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 109 S.Ct. at 1493, of "the 'substantial rights of the parties,'" *Hanrahan v. Hampton*, 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (quoting H.R.Rep. No. 1558, 94th Cong., 2d Sess. 8 (1976)). In short, a prevailing party is one which "win[s] the relief it seeks." *Lewis v. Continental Bank Corp.*, —— U.S. at ——, 110 S.Ct. at 1254–55. We make this inquiry "without regard to whether we think the district court's decision on the underlying merits [was] correct." *Bishop v. Committee on Professional Ethics & Conduct*, 686 F.2d 1278, 1290 (8th Cir.1982); accord, e.g., *Curtis v. Taylor*, 625 F.2d 645, 649 (5th Cir.), *modified on other grounds and reh'g denied*, 648 F.2d 946 (5th Cir.1980); *Bagby v. Beal*, 606 F.2d 411, 414–15 (3d Cir.1979); *Libby by Libby v. South Inter–Conference Ass'n*, 728 F.Supp. 504, 506 (N.D.Ill.1990); see *Rhodes v. Stewart*, 488 U.S. 1, 109 S.Ct. 202, 205, 102 L.Ed.2d 1 (1988) (Blackmun, J., dissenting) ("the fact that a party should not have 'prevailed' ordinarily would not deprive him of attorney's fees").

■ We are in accord with the courts which have held that a party which achieves the objective of its suit by means of an injunction [4] issued by the district court is a prevailing party in that court, notwithstanding the fact that the case becomes moot, through no acquiescence by the defendant, while the order is on appeal. See, e.g., *Grano v. Barry*, 783 F.2d 1104, 1109 (D.C.Cir.1986); *Bishop v. Committee on Professional Ethics & Conduct*, 686 F.2d at 1290–91; *Williams v. Alioto*, 625 F.2d 845, 847–48 (9th Cir.1980), cert. denied, 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981); [5] *Doe v. Marshall*, 622 F.2d 118, 119–120 (5th Cir.1980), cert. de-

---

test), are of the former type. In *J & J Anderson*, for example, the plaintiffs obtained a temporary restraining order against the enforcement of a town ordinance, but before further proceedings could be held the ordinance was repealed, mooting the controversy. *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d at 1471–72.

The purpose of the *Nadeau* test is to ensure, in cases where a concession of defeat might be inferred from defendant's conduct, that the conduct was actually brought about by the lawsuit. Attorney's fees should be awarded only when the suit brought about such conduct, and not when the defendant acted supererogatorily.

**4.** This case does not present, and we do not decide, the question of whether a plaintiff who obtains only a temporary restraining order which does not implicate the merits of the claim, and whose suit is mooted before further proceedings can be held, is a prevailing party. Compare *Fitzharris v. Wolff*, 702 F.2d 836, 838–39 (9th Cir.1983) with, e.g., *Paragould Music Co. v. City of Paragould, Ark.*, 738 F.2d 973, 975 (8th Cir.1984); *Bly v. McLeod*, 605 F.2d 134, 137 (4th

Cir.1979), cert. denied, 445 U.S. 928, 100 S.Ct. 1315, 63 L.Ed.2d 761 (1980); *Libby by Libby v. South Inter–Conference Ass'n*, 728 F.Supp. at 510–12. The absence of a judicial determination relating to the merits has been considered a fatal defect by some courts. See, e.g., *Laurenzo by Laurenzo v. Mississippi High School Activities Ass'n, Inc.*, 708 F.2d 1038, 1042–43 (5th Cir. 1983); *Coalition for Basic Human Needs v. King*, 691 F.2d 597, 601 (1st Cir.1982).

**5.** Then–Associate Justice Rehnquist, joined by Associate Justice White, dissented from the denial of certiorari, stating:

"To treat respondents as 'prevailing parties' under § 1988 because they secured a preliminary injunction is to ignore the fact that petitioners exercised their right to appeal the entry of that order and the fact that the propriety of the injunction was being challenged on appeal at the time the case became moot and the appeal dismissed. No permanent injunction ever issued and there has been no settlement or consent decree.... Exposure of any

*nied,* 451 U.S. 993, 101 S.Ct. 2336, 68 L.Ed.2d 855 (1981); *Bagby v. Beal,* 606 F.2d at 415; *Kimbrough v. Arkansas Activities Ass'n,* 574 F.2d 423, 426 (8th Cir. 1978); *see also Coalition for Basic Human Needs v. King,* 691 F.2d 597, 600 (1st Cir.1982).[6] *But see Ward v. Arkansas State Police,* 493 F.Supp. 1315, 1328 (E.D. Ark.1980), *rev'd on other grounds,* 653 F.2d 346 (8th Cir.1981); *Cramer v. Virginia Commonwealth Univ.,* 486 F.Supp. 187, 192 n. 7 (E.D.Va.1980); *Kay v. David Douglas School Dist. No. 40,* 303 Or. 574, 738 P.2d 1389, 1391 (1987), *cert. denied,* 484 U.S. 1032, 108 S.Ct. 740, 98 L.Ed.2d 775 (1988).

*Doe v. Marshall* is most similar to the case at hand. A high school senior obtained a preliminary injunction requiring his school to allow him to play on the football team, and he played the entire season. The order was appealed, but the appeal was mooted by the plaintiff's graduation while the appeal was pending. The Fifth Circuit held that the plaintiff was a "prevailing party":

> "Even preliminary relief may serve to make a plaintiff a 'prevailing party' under [§ 1988]; the lawsuit need not proceed to completion. All that is required is that the plaintiff obtain the primary

relief sought. That requirement has been satisfied in this case."

*Doe v. Marshall,* 622 F.2d at 120 (citations omitted); *see also Grano v. Barry,* 783 F.2d at 1108 (plaintiffs were a prevailing party because they "show[ed] that the ' "final result represents in a real sense, a disposition that furthers their interest" ' " (quoting *Miller v. Staats,* 706 F.2d 336, 341 (D.C.Cir.1983) (quoting *Commissioners Court v. United States,* 683 F.2d 435, 441 (D.C.Cir.1982)))); *Williams v. Alioto,* 625 F.2d at 847 (plaintiffs were a prevailing party because they "succeeded on a 'significant issue in litigation which achieve[d] ... the benefit the parties sought in bringing suit' " (quoting *Sethy v. Alameda County Water Dist.,* 602 F.2d 894, 897–98 (9th Cir. 1979), *cert. denied,* 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980))).

■ Did Dahlem win the relief he sought? We hold that he did. He brought suit so that he could participate in interscholastic gymnastics during his senior year. Because of the district court's preliminary injunction, he did so participate. No subsequent judicial proceedings could have given him any more relief on his claim. It cannot be suggested that Dahlem's foray into the legal system was anything but completely successful. " ' "[V]ic-

---

party to [liability for his opponent's attorney's fees] when mootness deprives him of the appeal authorized by law which he had already initiated should result only from a clear authorization by Congress or settled precedent of this Court."
*Alioto v. Williams,* 450 U.S. 1012, 1013–14, 101 S.Ct. 1723, 1724, 68 L.Ed.2d 213 (1981) (Rehnquist, J., dissenting from denial of certiorari). The clear weight of the authority cited in the text is to the contrary, however, and induces us to go along in this case, albeit reluctantly. In other situations, such as a decision clearly contrary to controlling law or one rendered by a district court which was improperly influenced, the Chief Justice's position might prove persuasive. This is not such a case, so we do not reach that question.

**6.** *Doe v. Busbee,* 684 F.2d 1375 (11th Cir.1982), is not to the contrary. In that case, the district court enjoined the State of Georgia to provide Medicaid reimbursement for medically necessary abortions. While the order was on appeal, the Supreme Court decided two cases which severely undercut the district court's rationale. The court of appeals remanded the case for

reconsideration, and the district court dismissed the complaint on the merits. The Eleventh Circuit held that the plaintiffs were not a prevailing party, even though the injunction allowed over 1800 women to obtain abortions which would not otherwise have been available.

This case does not stand for the proposition that transient injunctive relief, regardless of its practical effects, is not sufficient to confer prevailing party status. It is simply an example of the unremarkable rule that an adverse decision on the merits precludes such status on that issue. *See Palmer v. City of Chicago,* 806 F.2d 1316, 1320–22 (7th Cir.1986), *cert. denied,* 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 836 (1987); *Ward v. County of San Diego,* 791 F.2d 1329, 1334 (9th Cir.1986), *cert. denied,* 483 U.S. 1020, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987); *Harris v. Pirch,* 677 F.2d 681, 689 (8th Cir.1982); *Smith v. University of N.C.,* 632 F.2d 316, 352 (4th Cir. 1980); *Harrington v. Vandalia–Butler Bd. of Educ.,* 585 F.2d 192, 197 (6th Cir.1978), *cert. denied,* 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979). The distinction between a dismissal for mootness and one on the merits is significant. *See Palmer v. City of Chicago,* 806 F.2d at 1322.

tory" in a civil rights suit is typically a practical, rather than a strictly legal matter,'" *Exeter–West Greenwich Regional School Dist. v. Pontarelli,* 788 F.2d 47, 51 (1st Cir.1986) (quoting *Aubin v. Fudala,* 782 F.2d 287, 291 (1st Cir.1986)), and "[t]he mootness of the subsequent appeal ... emphasizes, rather than detracts from, the practical significance," *Grano v. Barry,* 783 F.2d at 1109, of the relief Dahlem received.

## II. SPECIAL CIRCUMSTANCES

■ The district court's discretion to deny fees to a prevailing plaintiff "is quite narrow." *Chicano Police Officer's Ass'n v. Stover,* 624 F.2d 127, 129 (10th Cir.1980). " '[T]here are few cases denying attorney fees to a prevailing party as unjust under § 1988,' and '[a] strong showing of special circumstances is necessary to support [such] a denial.' " *Wilson v. Stocker,* 819 F.2d 943, 951 (10th Cir.1987) (quoting *J & J Anderson, Inc. v. Town of Erie,* 767 F.2d at 1474). The present case is quite unusual, and it comes within the "special circumstances" exception.

■ The district court declined to award Dahlem attorney's fees because

"[i]f Rowley were to petition this Court for attorneys fees under § 1988, said motion would be denied due to the Tenth Circuit's reversal of this Court's order. It would be manifestly unfair to award plaintiff Dahlem attorneys fees simply because he chose to seek dismissal of his appeal prior to the ruling by the Tenth Circuit. This Court concludes that the subsequent history of the almost identical companion case of *Rowley* constitutes a 'special circumstance' that would render the award of attorneys fees to plaintiff Dahlem unjust."

Order Denying Plaintiff's Motion for Attorneys Fees, R. Vol. I, Tab 15 at 5 (citation omitted).

This is not simply a case where a plaintiff obtained relief which was legally disputable. This is a case where plaintiff's lack of entitlement to the relief he obtained was promptly revealed by the reversal of a companion case concerning identical legal issues and overlapping defendants, and only a fortuity over which none of the parties had any control prevented plaintiff's judgment from being reversed at the same time. The court may consider related claims when deciding whether a fee award is appropriate. *See Izard v. Arndt,* 483 F.Supp. 261, 266 (E.D. Wis.1980). Moreover, because Dahlem and Rowley were both represented by the American Civil Liberties Union, Dahlem cannot complain that we are making the propriety of a fee award to him hinge upon the appellate performance of someone else's attorney. The district court did not abuse its discretion by concluding that it would be unjust to tax the defendants for Dahlem's attorney's fees when the defendants were deprived by Dahlem's graduation of the opportunity they successfully pursued in an identical companion case to vindicate their position.

For the reasons stated above, the judgment of the district court is AFFIRMED.