**Thomas C. RAMSEUR, Appellant,**

v.

**Howard C. BEYER; and the Attorney General of the State of New Jersey, Appellees.**

**No. 90–5449.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Nov. 26, 1990.

Decided Dec. 28, 1990.

---

Wilfredo Caraballo, Matthew Astore, Office of the Public Defender, Advocate, East Orange, N.J., for appellant.

Hilary L. Brunell, Office of Essex County Prosecutor, Newark, N.J., for appellees—Howard C. Beyer and Atty. Gen., State of N.J.

Before BECKER, NYGAARD, Circuit Judges, and POLLAK, District Judge *

## OPINION OF THE COURT

BECKER, Circuit Judge.

Thomas C. Ramseur appeals from the district court's order denying his *ex parte* motion to extend the time for filing a notice of appeal pursuant to Fed.R.App.P. 4(a)(5). Because we find that the district court abused its discretion in denying Ramseur's motion, we will reverse.

## I.

This is a habeas corpus action, 28 U.S.C. § 2254. After exhausting his state remedies, Ramseur, who had been convicted of murder and related charges, petitioned the district court for the District of New Jersey for a habeas corpus writ. In an opinion and order dated March 14, 1990, the district court denied Ramseur's habeas petition and found no probable cause for appeal.

On April 10, 1990, Ramseur's counsel mailed a notice of appeal from his office in East Orange, New Jersey to the clerk of the district court, whose office is located less than five miles away in Newark, New Jersey. Ramseur's notice of appeal, however, was not received by the district court and stamped "filed" until April 23, 1990, thirteen days after it was mailed, and seven days after the 30–day time period for filing appeals had lapsed, *see* Fed.R.App.P. 4(a)(1).[1]

---

* Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. A notice of appeal, to be timely, must be filed "with the clerk of the district court within 30 days after the date of entry of the order appealed from." Fed.R.App.P. 4(a)(1). Accordingly, Ramseur's notice of appeal normally would have been due on April 13, 1990. Because April 13th was a legal holiday and a Friday, however, his notice of appeal was not due until April 16, 1990, *see* Fed.R.App.P. 26(a). Therefore, when

■ Ramseur's counsel thereupon moved for an extension of time in which to appeal, pursuant to Fed.R.App.P. 4(a)(5). Rule 4(a)(5) provides that the district court, upon the showing of excusable neglect or good cause, may extend the time for filing a notice of appeal. Ramseur's counsel argued that the "inexplicable" thirteen-day delay constituted excusable neglect. The district court, however, denied this motion stating only that Ramseur had not made an adequate showing of excusable neglect. This appeal followed. We will review for abuse of discretion.[2]

## II.

■ Federal Rule of Appellate Procedure 4(a)(5) states in pertinent part:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires.

In *Consolidated Freightways Corp. of Del. v. Larson*, 827 F.2d 916 (3d Cir.1987), *cert. denied*, 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988), we interpreted "Rule 4(a)(5) to require a finding of excusable neglect in those instances where the court, after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule." *Id.* at 920. We noted, further, that:

[T]he rules governing timeliness of appeals exist to promote fairness, and to promote prompt notice of appeal thereby

avoiding the prejudicial effect of reopening litigation which the opposing party had assumed was closed. The length of the delay and the basis of the delay affect the overall fairness concern. Where ... the delay was minimal, and where the court has determined that the delay was not the result of any bad faith but rather occurred despite counsel's substantially diligent efforts at compliance, the judicial interest in deciding cases on the merits outweighs the interest in finality.

*Id.*

Ramseur's notice of appeal was mailed on April 10th, a full six days before the 30–day time period expired. Yet it was not "filed" until April 23rd, thirteen days later. Ramseur asserts that this delay was inexplicable and thus qualifies as excusable neglect. We agree. Because his notice of appeal was filed only seven days late, granting Ramseur an extension does not raise overall fairness concerns. More importantly, the delay was not attributable to counsel's bad faith. Rather, Ramseur's notice of appeal was untimely despite counsel's diligent efforts at compliance. By mailing the notice of appeal on April 10th, Ramseur's counsel reasonably believed that it would be filed within the 30–day time period. Further, counsel, upon learning of the delay, acted expeditiously to cure it, by promptly moving for an extension under Rule 4(a)(5).

In *Consolidated Freightways*, the notice of appeal was prepared one day before the 30–day time period expired. Because counsel intended to hand-deliver the notice of appeal, we noted that, in the normal course of events, it would have been timely filed.[3]

---

filed on April 23rd, Ramseur's notice of appeal was seven days late.

**2.** In *Consolidated Freightways Corp. of Del. v. Larson*, 827 F.2d 916, 918 (3d Cir.1987), *cert. denied* 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988), we stated that our standard of review in appeals involving Fed.R.App.P. 4(a)(5) is mixed. Whereas review of the district court's interpretation of Rule 4(a)(5) is plenary, review of the court's denial of a requested extension under the rule is limited to an abuse of discre-

tion. Because the district court in this case effectively rejected Ramseur's motion for an extension in one sentence without proffering an interpretation of Rule 4(a)(5) in support of his denial, we will review for an abuse of discretion.

**3.** Counsel inadvertently mailed the notice of appeal to the Eastern District of Pennsylvania instead of hand-delivering it to the Middle District. By the time the notice was forwarded to the Middle District, it was five days late.

*See* 827 F.2d at 917 n. 1. In view of counsel's due diligence, we held that in the factual context of that case, counsel's inadvertent misdirection of the notice of appeal constituted excusable neglect under Fed.R. App.P. 4(a)(5). Likewise, other cases have found untimely notices of appeal to be valid by reason of excusable neglect when they are mailed at such a time and in such a manner that, under normal circumstances, the district court would have received them in a timely fashion. *See, e.g., Scarpa v. Murphy*, 782 F.2d 300 (1st Cir.1986) (notice of appeal, which was mailed five days before expiration of 30–day period but was filed two days late, held to be valid due to excusable neglect/good cause because five days normally was sufficient for the three-mile delivery); *Wright v. Deyton*, 757 F.2d 1253, 1255–56 (11th Cir.1985) ("[T]he district court should determine when the document was mailed and whether, in ordinary course of events, the clerk would have received the letter by the applicable filing deadline."); *Gibbs v. Town of Frisco City, Alabama*, 626 F.2d 1218, 1220 (5th Cir. 1980) (excusable neglect found because two days were allowed for a mailing which normally took one day); *see also* 9 J. Moore, B. Ward, & J. Lucas, *Moore's Federal Practice* ¶ 204.13[1.–3], at 4–105 n. 18 (1989) ("If the notice of appeal is mailed in time so that in normal course it will arrive in time, but does not, extensions have been upheld.").

Here, Ramseur's counsel reasonably believed that a notice mailed from East Orange on April 10th would arrive in Newark by April 16th.[4] We therefore conclude that Ramseur's notice of appeal was untimely due to excusable neglect. For the foregoing reasons, we will reverse as an abuse of discretion the district court's order denying Ramseur's motion under Fed.R.App.P. 4(a)(5) and will remand with directions to enter an order extending the time for appeal and accepting *nunc pro tunc* the filing of the notice of appeal on April 23, 1990.

---

4. We note that Ramseur's notice of appeal was mailed during the Easter holiday season. Although the mail is typically slower at that time of year, we think that the four working days between April 10th and 16th were sufficient reasonably to ensure that Ramseur's notice of appeal would be timely filed.