

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2008

# Bruce Roberts v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3562

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bruce Roberts v. USA" (2008). *2008 Decisions.* Paper 289.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/289

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-11                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3562

_____

BRUCE JAMES ROBERTS,

                                        Appellant,

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 04-cv-05045)
District Judge: Honorable Katharine S. Hayden

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
October 17, 2008

Before: SLOVITER, FUENTES and JORDAN, <u>Circuit Judges</u>

(Opinion filed: October 31, 2008)

_____

OPINION

_____

PER CURIAM

       Appellant Bruce Roberts, a federal prisoner, was found guilty following a jury trial

in United States District Court for the District of New Jersey of conspiring to commit

bank robbery in violation of 18 U.S.C. § 371 and bank robbery in violation of 18 U.S.C. § 2113(a). On February 12, 1996, he was sentenced as a career offender to a term of imprisonment of 210 months and fined $5,000.00. We affirmed the judgment on October 9, 1996 in United States v. Roberts, No. 96-5142, and the United States Supreme Court thereafter denied certiorari. On February 28, 1998, Roberts filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which the sentencing court denied on the merits. On March 10, 1999, we denied Roberts' request for a certificate of appealability in United States v. Roberts, No. 98-6388.

On August 27, 2004, Roberts filed a motion seeking modification of his sentence under 18 U.S.C. § 3582(c)(2) on the basis of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). The District Court Clerk's Office opened the instant civil case, and docketed this motion as a motion to vacate sentence under 28 U.S.C. § 2255. On September 7, 2007, Roberts filed a motion pursuant to Fed. R. Crim. Pro. 52(b), in which he contended that he was indigent and "the delegation of an installment plan to the Bureau of Prisons" to collect his fine was improper. See generally United States v. Corley, 500 F.3d 210 (3d Cir. 2007) (restitution order which delegates to BOP how defendant will pay improperly delegates judicial function). On December 17, 2007, Roberts filed a supplement in which he asked for relief under Amendment 709 of the United States Sentencing Guidelines. See U.S.S.G. § 4A1.2. He claimed that the sentencing court improperly counted a parole violation as a prior sentence in calculating

2

his criminal history score.

On December 31, 2007, the District Court dismissed all three requests for relief for lack of jurisdiction, reasoning that they were unauthorized second or successive section 2255 motions. The court noted further that Blakely and United States v. Booker, 543 U.S. 220 (2005), had not been made retroactive to cases on collateral review. Roberts did not file a timely notice of appeal of this decision.

On July 21, 2008, Roberts filed a "Motion Seeking To Have The Court Correct This Defendant's Filing(s) Pursuant to Rule 10(e)." Roberts asked the District Court to construe a June 2008 motion he had filed in his criminal case, United States v. Roberts, D.C. Crim. No. 95-cr-00225, as a motion for permission to appeal the December 31, 2007 order. In an order entered on August 11, 2008, the District Court denied permission to appeal, reasoning that Roberts had previously been granted permission to file an appeal out of time in his criminal case for review of the order he had specified in the June 2008 motion, and he had given no reason whatever for why he should be granted permission to appeal the December 31, 2007 order in his civil case.

Roberts filed a notice of appeal on August 18, 2008, seeking to appeal the District Court's August 11, 2008 decision. Our Clerk notified him that his appeal was subject to summary disposition under Third Cir. LAR 27.4 and I.O.P. 10.6 and invited him to submit argument in writing, an invitation he has declined.

We will summarily affirm the order of the District Court denying Roberts'

3

"Motion Seeking To Have The Court Correct This Defendant's Filing(s) Pursuant to Rule 10(e)," which was in effect a request for an extension of time to appeal. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. We have jurisdiction under 28 U.S.C. § 1291. The District Court's denial of an extension of time to appeal is reviewed for an abuse of discretion. See Ramseur v. Beyer, 921 F.2d 504, 506 (3d Cir. 1990).

Roberts had 60 days, or until February 29, 2008, in which to file a notice of appeal from the District Court's December 31, 2007 order. Fed. R. App. Pro. 4(a)(1)(B). A District Court may extend the time for appealing upon a showing of excusable neglect or good cause, Fed. R. App. Pro. 4(a)(5)(A)(ii) (civil); Rule 4(b)(4) (criminal). Excusable neglect is shown where the party seeking an extension demonstrates good faith and some reasonable basis for not complying with the time limit specified in the rules. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1312 (3d Cir. 1995).

In an order entered on April 15, 2008 in his criminal case, the District Court denied a mandamus petition Roberts had filed. On June 18, 2008 Roberts filed a motion in his criminal case, seeking permission to appeal the April 15 order. Just as the District Court concluded, he made no reference whatever in this motion of any intention to appeal

the December 31, 2007 order entered in his civil case.[1]  He certainly could have done so insofar as the District Court's April 15 order specifically referenced the December 31, 2007 order disposing of his section 3582(c)(2) and Rule 52(b) motions.  The District Court thus did not abuse its discretion in denying Roberts an extension of time to appeal.

For the foregoing reasons, we will summarily affirm the order of the District Court denying the "Motion Seeking To Have The Court Correct This Defendant's Filing(s) Pursuant to Rule 10(e)."

---

[1] In the motion, Roberts stated: "Now Comes, Bruce Roberts, (Defendant) On this 12th day of June, 2008, will respectfully move before this honorable court within a timely fashion filing this Notice of Appeal from this court's Order dated April 15, 2008. Defendant request that this court take judicial notice that the defendant did not receive a copy of this Order as of this date, and just received a copy ... on June 11, 2008." See Motion Seeking Permission To File Notice of Appeal, United States v. Roberts, D.C. Crim. No. 95-cr-00225-2, Docket Entry No. 8.

5