OPINION
BARRY, Circuit Judge.
On July 12, 1995, Rodney Allen pled guilty but mentally ill in Pennsylvania state court to multiple counts of robbery, burglary, violations of the Uniform Firearms Act, criminal conspiracy, and unlawful restraint, among other crimes. A sentence of imprisonment of thirty to seventy years was imposed on September 18, 1995, and Allen has been litigating this matter in state and federal court ever since. The parties are fully familiar with the lengthy and complicated procedural background of this litigation, and given that we write only for the parties, we need not reprise that background except as relevant to the issue — or issues — we are called upon to decide.
As relevant here, and in broad summary, on March 28, 2001, Allen filed an apparently time-barred petition under 28 U.S.C. § 2254 in the United States District Court. By orders dated June 19, 2002 and January 29, 2004, the District Court (Newcomer, J.), rejecting the Magistrate Judge’s recommendations, concluded that Allen was entitled to equitable tolling and that his procedural default should be excused. The matter was remanded to the Magistrate Judge to consider the merits of the petition.
On April 27, 2004, the Magistrate Judge issued a Report and Recommendation (“R & R”) recommending that the petition be dismissed without an evidentiary hearing after determining that Allen’s plea of guilty was knowing and voluntary and that his claim of ineffective assistance was without merit. By order dated May 12, 2004 and filed June 14, 2004, (hereinafter, we will refer to the June 14, 2004 date), the District Court adopted the R & R and declined to issue a certificate of appealability. As will, hopefully, become clear, this is a critical order for our purposes, and certainly a critical order for Allen.
Allen did not timely appeal the order of June 14, 2004; indeed, he did not appeal at all until much later. Rather, on July 25, *132 2004, he filed a pro se application for a certificate of appealability, which the District Court denied on September 9, 2004. On September 20, 2004, Allen filed a notice of appeal from the September 9, 2004 order.
On February 10, 2005, we dismissed the appeal for lack of jurisdiction due to Allen’s failure to file a notice of appeal within thirty days after entry of the June 14, 2004 order and the untimely filing of his application for a certificate of appealability. We assumed arguendo that application evidenced an intent to appeal. Allen sought rehearing and, on May 27, 2005, we granted that request because we had overlooked the possibility that his application for a certificate of appealability could be construed as a motion for an extension of time to appeal the June 14, 2004 order under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. We remanded for the District Court to determine whether the time to appeal should be extended under Rule 4(a)(5).
The District Court ordered the parties to brief the issue of whether, if the application for a certificate appealability were treated as a motion for an extension of time to appeal, the motion should be granted. By order dated December 15, 2005, the District Court (Giles, C.J.) determined that Allen’s application could not be construed as a motion to extend the time for filing an appeal. Allen unsuccessfully moved for reconsideration and, on January 9, 2006, a timely notice of appeal from that denial was filed.[1] Construing his notice of appeal as a request for a certificate of appealability, we granted a certificate of appealability as to four issues: (1) whether the District Court abused its discretion by denying Allen’s motion under Rule 4(a)(5); (2) whether Allen’s showing of mental impairment was sufficient to establish equitable tolling with respect to 28 U.S.C. § 2244(d)(1); (3) whether Allen’s mental impairment was sufficient to establish the cause and prejudice necessary to excuse his procedural default; and (4) whether the District Court erred in denying Allen’s § 2254 petition with respect to whether trial counsel was ineffective for failing to investigate Allen’s history of mental illness and advising him to plead guilty but mentally ill.
II.
The initial — and, perhaps, only — issue before us can be simply stated, and it is this: did the District Court abuse its discretion when, on December 15, 2005, it denied Allen’s motion under Rule 4(a)(5)? If it did not abuse its discretion, we will affirm and will not consider the three remaining issues which, given our affirmance of the order of December 15, 2005, we lack jurisdiction to review. If it did abuse its discretion, we will press on. Because we find that the District Court did not abuse its discretion, we will affirm.
We note, preliminarily, that Allen has not briefed this important initial issue, the issue on which the other issues depend, nor has he even suggested that the District Court abused its discretion in concluding that his July 25, 2004 application for a certificate of appealability did not extend the time for filing an appeal of its June 14, 2004 order. Rather, Allen has elected to go a different route, raising in his brief on appeal an argument never before raised, even though the issue of timeliness has been in contention between the District Court and this Court since February 2005. Allen’s new argument is this: the June 14, 2004 order violated the “separate document” requirement of Fed. R.Civ.P. 58(a)(1) and, therefore, under Fed.R.App.P. 4(a)(7)(A), the thirty-day *133 time period for filing a notice of appeal under 28 U.S.C. § 2107(c) did not run until 150 days from the entry of the June 14, 2004 order on the civil docket, and so the notice of appeal filed on September 20, 2004 was timely.
Not surprisingly, appellees argue waiver and, in light of the above, have good reason to do so. And, we note, non-compliance with Rule 58 may be waived because violations of Rule 58 are non-jurisdictional. Henglein v. Colt Indus. Operating Corp., 260 F.3d 201, 209 n. 5 (3d Cir.2001).
But waiver aside, we find that the three-page June 14, 2004 order, which “substantially omit[ted] the District Court’s reasons for disposing of the parties’ claims” and did not contain “an extended presentation of facts and procedural history,” satisfied the separate-document requirement. In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241, 243 (3d Cir.2006). Moreover, it is important to recall what the Supreme Court has explained: the “sole purpose of the separate-document requirement ... was to clarify when the time for appeal ... begins to run.” Bankers Trust Co. v. Mallis, 435 U.S. 381, 384, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). Nothing could be clearer here, for the very first paragraph of the June 14, 2004 order provides:
AND NOW, this 13th day of May, 2004, upon consideration of the Petitioner’s Amended Petition for Writ of Habeas Corpus (Doc. 46), Respondent’s Response, Magistrate Judge M. Faith Angell’s Report and Recommendation (Doc. 58), and the Petitioner’s Objections, it is hereby ORDERED that Magistrate Judge M. Faith Angell’s Report and Recommendation is APPROVED and ADOPTED. Petitioner’s Petition for Writ of Habeas Corpus is DENIED. No Certificate of Appealability shall issue.
A.19. Moreover, nothing that follows calls any of the above into question, with the order concluding “Petitioner’s Petition for Writ of Habeas Corpus is denied.” Id. at 21-22.
And so we return to where we began — whether the District Court abused its discretion when it determined that the July 25, 2004 application for a certificate of appealability did not extend the time within which to appeal the order of June 14, 2004. It did not.
Rule 4(a)(5)(A) states, “[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.” As noted above, we review a district court’s denial of a motion to extend the time for appeal for abuse of discretion. Ramseur v. Beyer, 921 F.2d 504, 506 (3d Cir.1990).
The District Court found, first, that the application for a certificate of appealability could not be construed as a motion for an extension of time to appeal because nowhere in the application did Allen even mention the timeliness issue. As the District Court put it, “[t]he application is exactly what its caption suggests, a request that the court reconsider its decision that the petitioner failed to make a substantial showing of the denial of a constitutional right so as to warrant the issuance of a certificate of appealability.” A.25. Moreover, the District Court continued, if Allen’s recent assertion that he was unable to file a timely notice of appeal due to his counsel’s failure to notify him of the District Court’s June 14, 2004 order denying relief were true, Allen did not mention that fact in his original submissions and, al *134 though pro se, was familiar with court procedures for requesting extensions of time.[2]
The District Court concluded that Allen had not demonstrated the good cause or excusable neglect necessary to persuade it to extend his time for filing a notice of appeal. The District Court did not abuse its discretion in so concluding.
III.
The Order of the District Court will be affirmed.

. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

. Appellees note, among other things, that Allen’s assertion of counsel’s failure to notify him of the June 14, 2004 order is suspect because the application for a certificate of appealability was dated July 25, 2004, yet Allen argued that counsel did not notify him until July 26, 2004.