OPINION
PER CURIAM.
Michael J. Ascenzi, proceeding pro se, appeals from the District Court’s denial of his motion requesting leave to file a certificate of appealability nunc pro tunc. For the reasons that follow, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).
Ascenzi initiated a civil rights action in the United States District Court for the Middle District of Pennsylvania in June 2005. On September 25, 2008, 2008 WL 4415598, the District Court entered an opinion and order granting summary judgment in favor of Appellee. The next document entered on the District Court docket is entitled “Request to File Certificate of Appealability Nunc Pro Tunc” and was filed on January 8, 2009. In it, Ascenzi alleges that on October 25, 2008, he submitted a document captioned “Request for Stay of C.O.A. or an Extension” to this *721 Court, but it was never docketed. Additionally, he claims to have sent three letters to this Court in October and November of 2008 inquiring about the status of his request. Then, he asserts that on December 7, 2008, he sent a copy of the October 25, 2008 document to this Court, and attaches a copy of the document and a cash slip dated December 11, 2008 in support of his assertion. He concludes by explaining that while he accidentally filed the equivalent of a notice of appeal in this Court rather than in the District Court, allowing him to “restart the filing of a certificate of appealability would not prejudice the defendant in any way.”
The District Court construed Ascenzi’s motion as seeking an enlargement of time nunc pro tunc in which to appeal from its September 25, 2008 Memorandum and Order.[1] As the District Court noted, Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within thirty days of entry of the judgment or order from which the appeal is being taken. Pursuant to Rule 4(a)(5), the district court may grant an extension of time in which to file a notice of appeal when the party seeking such an extension moves within sixty days of entry of the underlying judgment or order — here, November 24, 2008 — and makes a showing of excusable neglect or good cause. See Fed. RApp. P. 4(a)(5). Under Rule 4(a)(6), the district court may reopen the time in which to file an appeal only if, among other things, the moving party did not receive notice of entry of the judgment or order from which he seeks to appeal. See Fed. RApp. P. 4(a)(6). As none of these circumstances were present in the instant case, the District Court denied Ascenzi’s motion for an enlargement of time on January 12, 2009.
On February 10, 2009, Aseenzi filed a document in the district court entitled “Certificate of Appealability”, which was construed as a notice of appeal. It was followed by a “Memorandum of Law in Support of C.O.A.” in which Aseenzi again asserted that he timely submitted a notice of appeal to this Court, which either lost or misfiled it. The only evidence Aseenzi provided in support of this argument was a copy of the document he allegedly submitted to this Court on October 25, 2008, a copy of a letter he allegedly mailed to this Court on November 18, 2008, and a second letter and cash slip both dated December 7, 2008.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court’s denial of a motion pursuant to Rules 4(a)(5) or 4(a)(6) of the Federal Rules of Appellate Procedure for abuse of discretion. See Ramseur v. Beyer, 921 F.2d 504, 506 (3d Cir.1990). Because Appellant has been granted in for-ma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under § 1915(e)(2)(B) if it has no arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). We agree with the District Court that Aseenzi was unable to meet the requirements for either an extension of time in which to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5), or the reopening of the time in which to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). Ascenzi’s bald assertions that he timely filed a notice of *722 appeal from the District Court’s underlying judgment do not, without more, demonstrate that he did. Accordingly, we conclude that the District Court acted well within its discretion in denying Ascenzi’s motion.
For the foregoing reasons, we conclude that Ascenzi’s appeal is without legal merit and accordingly, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

. As the District Court correctly indicated, a certificate of appealability is required to appeal from the denial of a petition for a writ of habeas corpus, but is not necessary to appeal from the disposition of a civil rights action. See 28 U.S.C. § 2253.