**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2210
_____

NASIR FINNEMEN,
                              Appellant

v.

JONATHAN YODER,
Camden County Sheriff Officer
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-14-cv-02479)
District Judge:  Honorable Renee M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2016

Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 18, 2016)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se litigant Nasir Finnemen appeals the District Court's denial of his motion to file an appeal out of time. We will affirm.[1]

Nasir Finnemen filed a civil rights complaint in U.S. District Court in Camden, New Jersey, alleging that Officer Jonathan Yoder of the Camden County Sheriff's Office used excessive force when escorting Finnemen from a courtroom in Camden County Superior Court. On May 20, 2014, the District Court dismissed the case with prejudice for failure to state a claim, finding that Finnemen's allegations, even if true, did not set out a Fourteenth Amendment claim for excessive force.

The District Court's six-page order did not constitute a separate judgment, as required by Fed. R. Civ. P. 58, thereby delaying the entry of judgment for 150 days, which was on October 17, 2014. On December 2, 2014, Finnemen filed an untimely notice of appeal and a timely motion for permission to appeal out of time. In the motion, Finnemen stated that he was proceeding pro se, that he was not aware of the appellate deadlines, that he is disabled, and that he had several different required appointments. Although the District Court failed to recognize that Finneman's Fed. R. App. P. 4(a)(5) motion was timely, the District Court concluded that even if Finneman's Fed. R. App. P. 4(a)(5) motion had been timely, he had not shown excusable neglect or good cause as required by the rule.

---

[1] Finnemen has filed a motion to file a supplement appendix. We grant that motion, and we have reviewed Finnemen's submission.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  The District Court's denial of Finnemen's Rule 4(a)(5) motion is subject to review for abuse of discretion.  <u>See</u> <u>Ramseur v. Beyer</u>, 921 F.2d 504, 506 (3d Cir. 1990).

We find the District Court did not abuse its discretion in denying Finnemen's motion.  The explanations Finnemen offered do not, without more, demonstrate that the District Court erred in denying his motion.  We will affirm.