**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2313
_____

RANCE M. STRUNK, SR.; DARLENE STRUNK; CLIFFORD B. REPOTSKI;
CYNTHIA M. YODER; R.A.Y. (Minor),
Appellants

v.

EAST COVENTRY TOWNSHIP POLICE DEPARTMENT;
MISTIE GREENWALT, Officer; CHRISTOPHER JASON, Officer;
CHESTER COUNTY DETECTIVE JOSEPH WALTON; D/C RICHARD
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-13-cv-00824)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2016
Before: AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: December 20, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Appellants appeal from orders of the United States District Court for the Eastern District of Pennsylvania granting the defendants' motions to dismiss. For the following reasons, we will affirm.

In 2011, the police were provided with computer discs containing child pornography that had been left in a residence once used by Clifford Repotski. Based in part on those discs, the police obtained a warrant to arrest Repotski. The arrest was made at a home that Repotski shared with Rance Strunk, Sr., and Darlene Strunk (his grandparents), Cynthia Yoder (his mother), and a minor identified as "R.A.Y." (his brother). Repotski was charged with possession with intent to distribute child pornography and related crimes. He later pleaded guilty to four of the five charges against him.

Thereafter, Repotski, the Strunks, Yoder, and R.A.Y. filed a complaint under 42 U.S.C. § 1983, which they later amended, alleging violations of their constitutional rights in connection with Repotski's arrest. They named as defendants the Chester County Detectives Division, "D/C Richard," Detective Joseph Walton, the East Coventry Township Police Department, Officer Mistie Greenwalt, and Officer Christopher Jason. The Chester County Detectives Division and Detective Walton moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted that motion as to the Chester County Detectives Division, holding that a municipal police department is not a proper party defendant in a § 1983 action. The District Court also observed that the complaint "contain[ed] no facts and no numbered

paragra[ph]s, merely setting forth vague and random citations to Pennsylvania and Federal law[,]" but permitted the plaintiffs to amend their complaint. After the plaintiffs filed an amended complaint, the defendants filed motions to dismiss. The District Court granted those motions, concluding that (1) Heck v. Humphrey, 512 U.S. 477 (1994), barred the claims for false arrest, false imprisonment, and malicious prosecution; (2) Officers Greenwalt and Jason did not participate in the search of the home; (3) the Township was not liable because there were no underlying constitutional violations; and (4) various remaining claims failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. The plaintiffs appealed.[1]

We have jurisdiction under 28 U.S.C. § 1291, and review de novo the District Court's decision to dismiss the complaint under Rule 12(b)(6). See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). We accept as true all of the allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm on any basis

---

[1] A notice of appeal in a civil case in which the United States is not a party must be filed within 30 days of the date of entry of the judgment or order appealed. Fed. R. App. P. 4(a)(1)(A). Although the plaintiffs failed to file their notice of appeal within 30 days of the order granting the defendants' motions to dismiss, the District Court subsequently granted the plaintiffs' motion to extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5) and deemed their appeal timely filed. See Ramseur v. Beyer,

supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

As noted, the District Court held that the Appellants' false arrest, false imprisonment, and malicious prosecution claims were barred by Heck.  Heck holds that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated.  See Heck, 512 U.S. at 486-87; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).  Thus, Heck bars only claims which "seek[] to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful." Torres v. McLaughlin, 163 F.3d 169, 173 (3d Cir. 1998).  We have held that Heck requires District Courts to determine whether each claim – if successful – would imply the invalidity of the conviction or sentence.  Gibson v. Superintendent, 411 F.3d 427, 447-49 (3d Cir. 2005) (holding that a determination whether Heck applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry).

We agree that Heck barred the Appellants' malicious prosecution claim because Repotski's conviction has not been invalidated.[2]  See Heck, 512 U.S. at 486-87.  But,

921 F.2d 504, 507 (3d Cir. 1990).

[2] The malicious prosecution claims should have been dismissed without prejudice, however, and we will modify the District Court's order to that effect.  See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).

4

contrary to the District Court's conclusion, the claims for false arrest and false imprisonment are not the type contemplated by Heck. See Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998). Dismissal of those claims was appropriate, however, because the Appellants failed to plausibly allege that Repotski's arrest was not supported by probable cause. See Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) (stating that a plaintiff alleging false imprisonment must demonstrate that his arrest was unsupported by probable cause); cf. Estate of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003) (stating that although the issue of probable cause is usually a factual one, a court "may conclude that 'probable cause did exist as a matter of law if the evidence, viewed most favorably to [the p]laintiff, reasonably would not support a contrary factual finding" (internal citation and quotations omitted)).

Repotski was arrested pursuant to a warrant that was supported by an affidavit of probable cause, both of which were attached to the Appellants' amended complaint. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (stating that a court may consider exhibits attached to the complaint in adjudicating a motion to dismiss). Where an arrest is made pursuant to a warrant, a plaintiff in a § 1983 action for false arrest must adequately plead that "(1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir.

5

1997)).  The Appellants failed to meet this burden.  Although they contended that the officers' statements inaccurately referred to the computer discs containing child pornography as "abandoned," the Appellants did not allege that the officers "'must have entertained serious doubts as to the truth of [their] statements or had obvious reasons to doubt the accuracy of the information [they] reported.'"  Id. at 788 (quoting United States v. Clapp, 46 F.3d 795, 801 n.6 (8th Cir. 1995)).  In fact, the Appellants appear to acknowledge that the officers characterized the discs as "abandoned" because the person who turned them in to the police explained that the discs had been left in Repotski's former residence.  Under these circumstances, we conclude that the District Court properly rejected the Appellants' false arrest and false imprisonment claims.

The District Court also correctly dismissed the Appellants' remaining claims.  In particular, we agree that the Appellants could not sustain their claims of an illegal search against Officers Jason and Greenwalt because they did not actively participate in the search of the home.  Rather, other officers not named in the action executed the search.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (liability under § 1983 requires personal involvement in the alleged wrongs).  In addition, the Appellants failed to adequately set forth a basis for relief against "D/C Richard" and Detective Walton.  See Iqbal, 556 U.S. at 678.  "D/C Richard" was included in the caption and mentioned in one paragraph of the amended complaint.  The only substantive reference to Detective Walton indicates that he was "going to be conducting forensic analysis of the items seized" after being contacted by another police officer.  Even construing the complaint

6

liberally and in a light most favorable to the Appellants, we discern no viable claims or grounds for relief based on these vague references to "D/C Richard" and Detective Walton.  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010) (holding that to plead a conspiracy claim properly, a plaintiff must allege "facts that plausibly suggest a meeting of the minds").

Furthermore, the Appellants appear to seek relief under various statutes – such as Pennsylvania criminal laws, the state Landlord and Tenant Act, and the Racketeering Influenced and Corrupt Organizations Act – but, to the extent that these statutes allow a private cause of action, their allegations are insufficient to state a plausible claim for relief.  See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Finally, the Chester County Detectives Division is not a proper party, see Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997), and the Appellants did not identify any official policy or custom of the East Coventry Township Police Department that was the cause of the alleged constitutional violations, see Monell v. Dep't of Soc. Serv., 436 U.S. 658, 691 (1978).

For the foregoing reasons, we will affirm the District Court's judgment, but we modify its order to reflect that the malicious prosecution claim is dismissed without prejudice.  See supra note 2.  The Appellants' request for a certificate of appealability is denied, as is their request to introduce material not pleaded in the complaint.  See Maio v. Aetna, Inc., 221 F.3d 472, 485, n.12 (3d Cir. 2000).