DLD-277                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4180
_____

CYNTHIA M. YODER ,
                                              Appellant

v.

MACMAIN LAW GROUP, LLC; DAVID J. MACMAIN, ESQ.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:16-cv-05221)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: June 28, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Cynthia M. Yoder appeals pro se from an order of the District Court dismissing as legally frivolous her civil rights action brought under 42 U.S.C. § 1983. We will summarily affirm.

In 2013, Yoder and several of her family members filed a complaint against, inter alia, the East Coventry Township Police Department and two of its officers who had arrested her son. The Police Department and the officers were represented by David J. MacMain of the MacMain Law Group, LLC. The United States District Court for the Eastern District of Pennsylvania granted the defendants' motion to dismiss and we affirmed. Strunk v. E. Coventry Twp. Police Dep't, No. 15-2313, 2016 WL 7378075 (3d Cir. Dec. 20, 2016). While the appeal was pending, Yoder wrote to Attorney MacMain "in hopes we can come to a reasonable settlement." In an emailed response, Attorney MacMain stated that his "clients have no interest in paying you anything as we view the case and the current appeal as wholly frivolous," indicated that his clients intended to seek fees and costs from Yoder, and stated that he did not "agree that you have any legal basis to continue to represent the interest of any of the other plaintiffs."

Yoder filed a complaint in September 2016 against Attorney MacMain and his law firm, seeking to raise claims under § 1983 as well as various federal and state criminal statutes. The District Court dismissed the complaint as legally frivolous, holding that "nothing in [it] provides a legal basis for Yoder's lawsuit against [Attorney] MacMain and his law firm." Finding that Yoder could not cure the defects in her complaint, the District Court stated that it would not provide her with leave to amend. Yoder appealed.

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of the complaint as frivolous. See Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). We construe the complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and may summarily affirm the District Court's order if there is no substantial question presented by the appeal. See Third Cir. LAR 27.4 and I.O.P. 10.6.

To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Attorney MacMain and his law firm are private actors—not state actors. Indeed, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). Yoder also suggested that MacMain and his law firm were guilty of violating federal and state criminal statutes pertaining to harassment, terroristic threats, and witness intimidation. But the statutes that Yoder cited do not give rise to a private cause of action, see Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute"), and a private party has no right to compel enforcement of criminal laws, see Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981). Finally, we agree with the District Court that any amendment to the complaint would be futile, and thus see no error in the dismissal without leave to amend. See Winer Family Tr. v. Queen, 503 F.3d 319, 330-31 (3d Cir.

3

2007) (stating that a district court may deny leave to amend where amendment would be futile).

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal. Accordingly, we will summarily affirm the District Court's dismissal of Yoder's complaint. See Third Cir. LAR 27.4; I.O.P. 10.6.